PETTY, J.,
concurring in the result.
The majority opinion and Judge Humphreys’ concurring opinion both make a very valid point regarding both the application and purpose of Rule 5A:12(c) as well as our obligation to ensure that appellants adhere to our Rules. It is a point with which I would typically agree. However, in this case I believe that we can decide the basic question presented by the appellant—whether the trial court erred in denying the *6 motion to suppress—without doing harm to the purpose or effect of Rule 5A:12.
While it is clear that appellant employed the irrelevant probable cause standard in his question presented, it is also clear that all parties involved in this case addressed the relevant standard of reasonable suspicion in arguing and deciding the case. The defense attorney as well as the Commonwealth’s attorney identified the appropriate standard in their arguments to the trial court. The trial court obviously understood those arguments, commenting that “it basically boils down to whether or not the officer had a reasonable articulable suspicion____” In his opening brief, appellant argued that the officer had neither probable cause nor reasonable suspicion to justify the stop. The Attorney General understood the issue, rephrased the question presented to state the correct constitutional standard, and went on to address it. In a published decision, a panel of this Court decided the case on the merits. Finally, we never asked appellant to address the issue at oral argument. Simply put, at no time prior to our decision did the form of the question presented raise any concern.
This case presents the rare occasion in which I believe that we should exercise our inherent authority to expand the question presented and decide the issue argued—whether the stop of the appellant’s car was in violation of the Fourth Amendment to the United States Constitution. For that reason, I do not join in the reasoning of the majority.
I do, however, agree with the conclusion reached by the majority. For the reasons stated by the dissent in the panel decision, Moore v. Commonwealth, 49 Va.App. 294, 308-11, 640 S.E.2d 531, 538-39 (McClanahan, J., dissenting), reh’g en bane granted by Moore v. Commonwealth, 49 Va.App. 497, 642 S.E.2d 769 (2007), I would affirm the ruling of the trial court.